UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAIMLERCHRYSLER INSURANCE CO., LLC, | : : : | |
| Plaintiff, | : : | |
| v. | : : | No. 3:08cv943 (MRK) |
| JOHN A. PAMBIANCHI, | : : : | |
| Defendant. | : | |

# ORDER

On January 10, 2011, this Court issued a Memorandum of Decision [doc. # 78] granting Plaintiff DaimlerChrysler Insurance Co., LLC's ("DaimlerChrysler Insurance's") Motion for Summary Judgment [doc. # 61]. *See DaimlerChrysler Ins. Co., LLC v. Pambianchi*, --- F. Supp. 2d ----, No. 3:08cv943 (MRK), 2011 WL 66584 (D. Conn. 2011). In that Memorandum of Decision, the Court concluded that DaimlerChrysler Insurance was "entitled to a judgment in the amount of $600,000.00 plus interest and costs" on its claim against Defendant John A. Pambianchi. *Id.* at *14. However, because the type and amount of interest that DaimlerChrysler Insurance sought was not entirely clear, the Court requested that DaimlerChrysler Insurance submit a damages analysis prior to the entry of a judgment. *See id.* The Court has now received briefs from both DaimlerChrysler Insurance and Mr. Pambianchi on the issue of interest.

The only issue that the parties contest is whether DaimlerChrysler Insurance is entitled to recover prejudgment interest from Mr. Pambianchi under Connecticut General Statutes § 37-3a(a). Connecticut General Statutes § 37-3a(a) provides that "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable." *Id.* DaimlerChrysler Insurance's Complaint filed on June 23, 2008

indicated that DaimlerChrysler Insurance was seeking money damages plus "[i]nterest and costs and disbursements of litigation," Compl. [doc. # 1] at 3, but nowhere referred to prejudgment interest generally or to that specific statute. Furthermore, when asked during a deposition what the damages his company sought were, DaimlerChrysler Insurance's representative did not indicate that the company was seeking prejudgment interest from Mr. Pambianchi. Finally, while DaimlerChrysler Insurance's memorandum supporting summary judgment contained a single reference to "money damages with prejudgment interest," Mem. in Supp. [doc. # 61-17] at 11, it nowhere referred to Connecticut General Statutes § 37-3a(a). As a result, neither Mr. Pambianchi's memorandum opposing summary judgment nor the Court's Memorandum of Decision addressed that statute.

Under Connecticut law, "the allowance of prejudgment interest as an element of damages [under Connecticut General Statutes § 37-3a(a)] is an equitable determination and a matter lying within the discretion of the trial court." *West Haven Sound Dev. Corp. v. City of West Haven*, 207 Conn. 308, 321 (1988) (citation omitted); *see Blakeslee Arpaia Chapman, Inc. v. EI Constr., Inc.*, 239 Conn. 708, 734 (1997). However, "[b]efore awarding interest, the trial court must ascertain whether the defendant has wrongfully detained money damages due to the plaintiff." *West Haven Sound*, 207 Conn. at 321; *Blakeslee*, 239 Conn. at 735. Two decisions of the Connecticut Supreme Court indicate that whether a defendant has detained money after it became payable is a factual issue, not a legal issue.[1] In *West Haven Sound Development Corp. v. City of West Haven*, which involved a jury trial, the Connecticut Supreme Court affirmed the trial court's decision to award prejudgment interest under Connecticut General Statutes § 37-3a(a) based on a jury's factual finding

---

[1] A Connecticut Supreme Court decision also indicates that the date upon which a particular

2

that "the defendant had wrongfully detained money damages due to the plaintiff." 207 Conn. at 320-21. In *Blakeslee Arpaia Chapman, Inc. v. EI Constructors, Inc.*, the Connecticut Supreme Court rejected a challenge to an award of prejudgment interest under Connecticut General Statutes § 37-3a(a); because the trial in that case was a bench trial, the trial court relied on its own factual finding that the defendant wrongfully detained money damages due to the plaintiff. *See* 239 Conn. at 735. The two cases are fully consistent: the finder of fact must determine whether the defendant wrongfully detained money damages due to the plaintiff before the plaintiff can seek an award of prejudgment interest under Connecticut General Statutes § 37-3a(a). *See Neptune Group, Inc. v. MKT, Inc.*, 205 F.R.D. 81, 88 (D. Conn. 2002) (holding that whether the defendant wrongfully detained money damages due to the plaintiff was an issue of fact for the jury).

In this case, Mr. Pambianchi demanded a jury trial, as was his right. DaimlerChrysler Insurance, not Mr. Pambianchi, sought to avoid a trial by moving for summary judgment. If DaimlerChrysler Insurance wanted to obtain prejudgment interest from Mr. Pambianchi under Connecticut General Statutes 37-3a(a) without proceeding to trial, it needed to establish as an undisputed fact at the summary judgment stage that Mr. Pambianchi wrongfully detained money damages due to DaimlerChrysler Insurance. *See* Conn. Gen. Stat. § 37-3a(a). DaimlerChrysler Insurance may well have been able to show at summary judgment that there were no material disputes of fact regarding that issue. But DaimlerChrysler Insurance simply did not make that argument when it moved for summary judgment. Indeed, it did not refer to Connecticut General Statutes § 37-3a(a) even once at the summary judgment stage – not even in a reply brief or at oral

---

defendant's wrongful detention of money began is a factual issue. *See Blakeslee*, 239 Conn. at 735.

argument. Thus, the Court is precluded from awarding prejudgment interest under Connecticut General Statutes § 37-3a(a) to DaimlerChrysler Insurance. *See Neptune Group*, 205 F.R.D. at 88.

The Court need not consider whether the equities favor an award of prejudgment interest. However, the Court notes that even if it had the authority to grant such an award, the Court would decline to do so as an equitable matter. *See Blakeslee*, 239 Conn. at 734. DaimlerChrysler Insurance asks for annually compounded interest running from February 22, 2005, the date on which DaimlerChrysler Insurance made its contribution to a settlement on Mr. Pambianchi's behalf, at the maximum statutorily authorized interest rate of 10%. *See* Conn. Gen. Stat. § 37-3a(a). Under that interest rate, running from February 22, 2005, the total amount of interest Mr. Pambianchi owed to DaimlerChrysler Insurance would be over $450,000.00. Putting aside the issue of whether February 22, 2005 was the date on which Mr. Pambianchi began to wrongfully detain money he owed to DaimlerChrysler Insurance – a factual issue and thus one which the Court cannot answer at this point, *see Blakeslee*, 239 Conn. at 735 – a 10% annually compounded interest rate would not be equitable. Connecticut General Statutes § 37-3a(a) sets a maximum interest rate of 10%, but it is up to the trial court to determine the appropriate rate as an equitable matter. *See Sears, Roebuck & Co. v. Board of Tax Review*, 241 Conn. 749, 765-66 (1997). Awarding prejudgment interest at a 10% annually compounded rate during a recession would result in a significant windfall.

In the Court's view, even a more modest award of prejudgment interest would be inequitable in this case. DaimlerChrysler Insurance waited a period of years before formally seeking to enforce its rights against Mr. Pambianchi. Years passed with no contact between DaimlerChrysler Insurance and Mr. Pambianchi whatsoever. When DaimlerChrysler Insurance filed its Complaint, it failed to

make any explicit claim of entitlement to prejudgment interest. Had DaimlerChrysler Insurance bothered to do so, then perhaps Mr. Pambianchi would have had an additional incentive to settle and avoid accruing more interest, to say nothing of legal costs. Finally, DaimlerChrysler Insurance's failure to specifically invoke Connecticut General Statutes § 37-3a(a) during discovery or at summary judgment deprived Mr. Pambianchi both of any opportunity to raise arguments against an award of prejudgment interest in opposition to summary judgment, and of any opportunity to attempt to negotiate a settlement and avoid months of additional prejudgment interest.

In sum, the Court is precluded from awarding DaimlerChrysler Insurance prejudgment interest under Connecticut General Statues § 37-3a(a) because DaimlerChrysler Insurance did not establish the relevant facts which would entitle it seek such an award. *See Neptune Group*, 205 F.R.D. at 88. Furthermore, even if the Court were able to award prejudgment interest, the Court would not do so as equitable considerations do not favor the award of prejudgment interest that DaimlerChrysler Insurance seeks. *See Sears*, 241 Conn. at 765-66. That said, there is no dispute that subsequent to judgment, DaimlerChrysler Insurance may become entitled to postjudgment interest pursuant to 28 U.S.C. § 1961.

**The Court directs the Clerk to enter judgment for DaimlerChrysler Insurance on its claim against Mr. Pambianchi in the amount of $600,000.00, plus costs, and to close this file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: February 23, 2011.**